IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ELGENE LUCZON DE-AMOR, ET AL., | ) ) ) | CIVIL 14-00272 LEK-BMK |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| BUENAVENTURA CLARIN CABALAR, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DISMISSING COMPLAINT AND SUPPLEMENT TO THE COMPLAINT, AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On June 10, 2014, pro se Plaintiff Elgene Luczon De-Amor ("Plaintiff")[1] filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] Plaintiff also filed a supplement to her Complaint on June 13, 2014 ("Supplement").[2]

---

[1] Plaintiff's two sons, Darrell L. De-Amor and Edwin L. De-Amor, are also listed as plaintiffs in the caption of the Complaint, but only Plaintiff signed the Complaint. [Complaint at 3.] There is no indication that Plaintiff is an attorney authorized to practice in this district. Thus, although she may represent herself pro se, she cannot represent her sons. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." (citation omitted)).

[2] This Court notes that Plaintiff's Supplement appears to be unsigned. [Supplement at 7.] Fed. R. Civ. P. 11(a) requires that a party appearing pro se sign "[e]very pleading, written motion, and other paper." It also requires that a court strike
(continued...)

[Dkt. no. 4.]  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Complaint, the Supplement, and the relevant legal authority, this Court HEREBY DISMISSES the Complaint and the Supplement WITHOUT LEAVE TO AMEND.  Further, the Court HEREBY DENIES the Application as moot.

## STANDARD

This district court has recognized that:

> The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").
>
> Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The

---

[2](...continued)
an unsigned filing if the pro se party fails to take prompt corrective action after the lack of signature is called to the party's attention.  This Court will not strike the Supplement at this time because there is no indication in the record that the lack of signature on the Supplement was called to Plaintiff's attention.

2

court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Crowley v. Bannister, 734 F.3d 967, 977–78 (9th Cir. 2013).

Nevertheless, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. Id. at 679.

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. See McHenry v. Renne, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the

>     complaint who is being sued, for what relief, and
>     on what theory, with enough detail to guide
>     discovery"); cf. Mendiondo v. Centinela Hosp. Med.
>     Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008)
>     (finding dismissal under Rule 8 was in error where
>     "the complaint provide[d] fair notice of the
>     wrongs allegedly committed by defendants and [did]
>     not qualify as overly verbose, confusing, or
>     rambling"). . . .

Carrouthers v. Pepsi Bottling Grp. Inc., Civil No. 14-00262 JMS-KSC, 2014 WL 2738569, at *1-2 (D. Hawai`i June 17, 2014) (some alterations in Carrouthers) (some citations omitted).

## DISCUSSION

The defendant in this case is Plaintiff's late-husband, Buenaventura Clarin Cabalar ("Cabalar"). The Complaint, read together with the Supplement,[3] does not clearly state how Defendant allegedly harmed Plaintiff, other than alleging that there were problems in their marriage. Construed liberally, the Complaint appears to allege the following claims: 1) a wrongful death claim; 2) claims regarding Plaintiff's and Cabalar's marriage; 3) claims seeking recovery of income earned and

---

[3] Local Rule 10.3 states: "Any party filing or moving to file an amended complaint, counterclaim, third-party complaint, or answer or reply thereto shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Thus, instead of filing a supplement to the Complaint, Plaintiff should have filed an amended complaint, which both repeated all parts of the original Complaint and set forth the new allegations that she wished to add. In light of Plaintiff's pro se status, however, this Court will consider Plaintiff's Complaint together with the Supplement. All further references to "the Complaint" in this Order refer to the Complaint, read together with the Supplement.

government benefits obtained during their marriage; and 4) an appeal of social security disability benefits decisions.

I. **Wrongful Death Claim**

The Complaint refers to a "Death Claim of Buenaventura." [Complaint at 2.[4]] If Plaintiff is trying to allege a wrongful death claim arising from Cabalar's death, Cabalar is not the proper defendant in such a claim. To the extent that Plaintiff alleges a wrongful death claim against Cabalar, this Court concludes that Plaintiff has failed "to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). This Court also finds that it is "absolutely clear that no amendment can cure the defect." See Lucas, 66 F.3d at 248. Thus, to the extent that the Complaint alleges a wrongful death claim against Cabalar, the claim is DISMISSED WITHOUT LEAVE TO AMEND.

This Court, however, emphasizes that the dismissal is without prejudice to the filing of a new wrongful death action against the proper party. If Plaintiff chooses to file a new wrongful death action, the defendant in the new action must be the person and/or entity that she alleges is liable for Cabalar's death. She must also plead: 1) "a short and plain statement of

---

[4] Neither the Complaint nor the attachments thereto have page numbers. Thus, this Court's citations to the Complaint refer to the page numbers for the Complaint in the district court's cm/ecf system.

the grounds for the court's jurisdiction[;]" see Fed. R. Civ. P. 8(a)(1); 2) sufficient factual allegations to allow a court to draw the reasonable inference that the defendant is liable for Cabalar's death; see Iqbal, 556 U.S. at 678; 3) "a short and plain statement" of the legal theory under which she is entitled to relief; Rule 8(a)(2); and 4) the relief that she seeks; Rule 8(a)(3).

II. **Family Law and Probate Law Claims**

Plaintiff also seeks: an annulment of her marriage; a divorce; and a finding that the marriage was "damaged" or "bad." [Complaint at 2, ¶¶ IV(1)-(3).] This Court therefore construes Plaintiff's Complaint as alleging family law claims.

> In the area of family law, the United States Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ex parte Burrus, 136 U.S. 586, 593–94, 10 S. Ct. 850, 34 L. Ed. 500 (1890); see also Mansell v. Mansell, 490 U.S. 581, 587, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989) (holding that "domestic relations are preeminently matters of state law"). "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." Elk Grove United School District v. Newdow, 542 U.S. 1, 13, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004).

Bobo v. Tulare Cnty. Dist. Attorney, No. C12-1805-RSL, 2012 WL 5947419, at *2 (W.D. Wash. Oct. 23, 2012) (alteration in Bobo).

6

Thus, to the extent that Plaintiff alleges claims or seeks relief under Hawai`i family law, this Court concludes that it lacks subject matter jurisdiction over such claims. This Court also finds that it is "absolutely clear that no amendment can cure the defect." See Lucas, 66 F.3d at 248. The family law claims in the Complaint are therefore DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff also apparently seeks some form of monetary relief, and she refers to employment, Medicare Health Insurance, and Social Security records. [Complaint at 2-3.] To the extent that Plaintiff seeks to recover monies related to earned income or government benefits, federal court is not the proper place for her to bring these claims. The United States Supreme Court has stated:

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). Thus, a claim that "seeks an *in personam* judgment . . . , not the probate or annulment of a will," and does not "seek to reach a res in the custody of a state court," may be brought in federal court. Id. (citations omitted). To extent that Plaintiff appears to claim

entitlement to income and benefits earned during her marriage to Cabalar, these are assets that are subject to any probate proceeding concerning his estate, and this Court lacks jurisdiction over Plaintiff's claims.  This Court also finds that Plaintiff cannot cure the defect by amendment.  The probate-related claims in the Complaint are therefore DISMISSED WITHOUT LEAVE TO AMEND.

This Court, however, emphasizes that the dismissal of Plaintiff's family law and probate law claims is without prejudice to the filing of such claims in the appropriate state court.  This Court expresses no opinion as to the merits of Plaintiff's family law and probate law claims.

**III. Social Security Appeal**

Attached to the Complaint are various letters to Plaintiff from the Social Security Administration regarding changes to her benefits.  There are: two letters dated October 3, 2008; one letter dated January 16, 2008; an undated letter stating, *inter alia*, the amount that Plaintiff will receive beginning on January 3, 2014; and a letter dated May 19, 2014. [Complaint at 4-6, 8-12.]  The Supplement discusses Plaintiff's disabilities and the disabilities of her family members, and it appears to contend that Plaintiff and her family members are entitled to increased Social Security benefits.

First, if Plaintiff wishes to appeal any social security decision, the proper defendant is the Commissioner of Social Security.  See 42 U.S.C. § 405(g).  Thus, insofar as Plaintiff is attempting, in this action against Cabalar, to challenge Social Security decisions, Plaintiff fails to state a claim upon which relief can be granted.  This Court also finds that the claim seeking administrative review against Cabalar cannot be saved by amendment.  That claim is therefore DISMISSED WITHOUT LEAVE TO AMEND.

The dismissal is without prejudice to the filing of a proper appeal pursuant to § 405(g).  This Court, however, cautions Plaintiff that, if she wishes to appeal a Social Security benefits decision, she must comply with the requirements of § 405(g), which states, among other things:

> Any individual, after any **final decision of the Commissioner of Social Security made after a hearing to which he was a party**, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow**.

(Emphases added.)  This Court expresses no opinion on the merits of Plaintiff's attempted appeal of the letters attached to the Complaint.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Complaint, filed June 10, 2014, and Plaintiff's supplement to the Complaint, filed June 13, 2014, are HEREBY DISMISSED WITHOUT LEAVE TO AMEND. Further, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 10, 2014, is HEREBY DENIED AS MOOT. This Court DIRECTS the Clerk's Office to close this case on **July 14, 2014**, unless Plaintiff files a motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 23, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ELGENE LUCZON DE-AMOR, ET AL. VS. BUENAVENTURA CLARIN CABALAR; CIVIL NO. 14-00272 LEK-BMK; ORDER DISMISSING COMPLAINT AND SUPPLEMENT TO THE COMPLAINT, AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**